**Not for Publication**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

UNIVERSITY SPINE CENTER, *on assignment of Glenn B.*,

    *Plaintiff*,

v.

HIGHMARK, INC.,

    *Defendant*.

Civil Action No. 17-13660 (JMV) (CLW)

**OPINION**

**John Michael Vazquez, U.S.D.J.**

This case involves a reimbursement dispute between a surgical practice and the healthcare insurance administrator. Plaintiff University Spine Center ("University Spine" or "Plaintiff"), as an assignee of a patient who had surgery at Plaintiff's facility, brings suit against Defendant Highmark, Inc. ("Highmark" or "Defendant"). Plaintiff claims that Defendant failed to reimburse the full amount for Plaintiff's services. Currently before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 4. The specific issue in this motion, whether an anti-assignment clause prevents Plaintiff from bringing claims for reimbursement, has been often litigated in this District. The Court reviewed the submissions in support and in opposition,[1] and considered the motions without oral argument pursuant to Fed. R.

---

[1] Plaintiff's Complaint will be referred to hereinafter as "Compl." D.E. 1. Defendant's brief in support of his motion to dismiss will be referred to hereinafter as "Def. Br." D.E. 4-1. Plaintiff's brief in opposition will be referred to hereinafter as "Opp. Br." D.E. 8. Defendant's brief in reply will be referred to hereinafter as "Def. Reply." D.E. 9. The parties subsequently submitted additional information, including notice of supplemental authority. D.E. 10, 13.

Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendant's motion to dismiss is **GRANTED**.

## I. FACTUAL BACKGROUND[2]

Plaintiff University Spine is a healthcare provider in New Jersey. Compl. at ¶ 1. On February 22, 2016, Plaintiff provided medical services to patient G.B. ("Patient"). *Id.* at ¶ 5. The Patient "underwent anterior cervical dis[c]ectomies from C4 to C7, [an] anterior cervical fusion from C4 to C7, [an] anterior cervical instrumentation from C4 to C7, [a] placement of interbody spacers at C4-C5, C5-C6, and C6-C7, and other related procedures. *Id.* at ¶ 6.

According to Plaintiff, Defendant is "at a minimum, the Claims Administrator for the applicable Plan for Patient." *Id.* at ¶ 14. The Patient attempted to transfer to Plaintiff "all of his rights to benefit payments under his insurance plan, as well as all of his related rights under" the Employee Retirement Income Security Act of 1974, 28 U.S.C. §§ 1001, *et seq.* ("ERISA"). *Id.* at ¶ 7. Plaintiff prepared Health Insurance Claim Forms ("HICFs") demanding reimbursement from Defendant in the amount of $404,653.00. *Id.* at ¶ 9. However, Defendant only reimbursed Plaintiff in the sum of $7,723.03. *Id.* at ¶ 10. Plaintiff now requests reimbursement in the amount of $229,431.17. *Id.* at ¶ 15.

Plaintiff states that it exhausted the applicable administrative appeals process maintained by Defendant. *Id.* at ¶ 11. Plaintiff also "requested, among other items, a copy of the Summary

---

[2] The factual background is taken from Plaintiff's Complaint, D.E. 1. When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Additionally, a district court may consider "exhibits attached to the complaint and matters of public record" as well as "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Accordingly, in addition to considering the allegations in Plaintiff's Complaint, the Court also considers the exhibits attached to Defendant's motion to dismiss.

2

Plan Description, Plan Policy, and identification of the Plan Administrator/Plan Sponsor." *Id.* at ¶ 12. Defendant did not provide any of the requested information. *Id.* at ¶ 13.

Defendant provided the relevant plan contract in its motion papers. Def. Br., Ex. B ("Plan Contract"). The Plan Contract includes a clause that addresses assignments:

> **Assignment.** Highmark may assign or subcontract any or all of its rights or obligations under this Agreement to a subsidiary, affiliate or successor of Highmark. *The coverage and benefits described in this Agreement are not assignable by any Member.*

Plan Contract at 29 (emphasis added). Plaintiff does not challenge the accuracy of the text of the assignment clause.

## II. PROCEDURAL HISTORY

On December 27, 2017, Plaintiff filed its Complaint. D.E. 1. Plaintiff's Complaint brings two counts: failure to make all payments pursuant to a member's plan under 29 U.S.C. § 1132(a)(1)(B) (codified as § 502(a)(1)(B)) (Count One), and breach of fiduciary duty under 29 U.S.C. § 1132(a)(3) (codified as § 502(a)(3)), 1104(a)(1) (codified as § 404(a)(1)), and § 1105(a) (codified as § 405(a)) (Count Two).

On February 23, 2018, Defendant filed its current motion to dismiss. D.E. 4. Plaintiff submitted opposition, D.E. 8, to which Defendant replied, D.E. 9. Defendant submitted a notice of supplemental authority, D.E. 10, to which Plaintiff replied, D.E. 13.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6)[3] permits a motion to dismiss for "failure to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under the rule,

---

[3] Rule 12(b)(1) is usually the appropriate standard of review for motions to dismiss for lack of standing. However, in *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369 (3d Cir. 2015), the Third Circuit held that a plaintiff's claim of derivative standing is reviewable under Rule 12(b)(6) because it "involves a merits-based determination." *Id.* at 371 n.3; *see also Masri v.*

3

it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). A court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

### IV. ANALYSIS

Counts One and Two are brought pursuant to ERISA. Specifically, Count One relies on ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(1)(B) ("Section 502(a)(1)(B)"), alleging that Defendant failed to make payments in accordance with the Patient's plan. Compl. at ¶¶ 17-25. Count Two alleges a breach of Defendant's fiduciary duties pursuant to 29 U.S.C. § 1132(a)(3) ("Section 502(a)(3)"), § 1104(a)(1) ("Section 404(a)(1)"), and § 1105(a) ("Section

---

*Horizon Healthcare Servs., Inc.*, No. 16-6961, 2017 WL 4122434, at *1 (D.N.J. Sept. 18, 2017) ("A party's derivative status to pursue a claim under ERISA has been deemed a merits-based issue, suitable for consideration on a Rule 12(b)(6) motion." (*citing N. Jersey Brain & Spine Ctr.*, 801 F.3d at 371 n.3)). Accordingly, the Court reviews Defendant's motion under Rule 12(b)(6).

4

405(a)"). *Id.* at ¶¶ 26-34. Plaintiff concedes that it is neither a participant nor beneficiary of the Plan. Opp. at 4. Rather, Plaintiff claims that it has derivative standing to bring its claims based on an assignment of benefits from Patient to Plaintiff. Defendant argues that Plaintiff does not have standing because the Plan Contract includes an anti-assignment clause.

### A. Standing[4]

ERISA provides that a "participant" or "beneficiary" has the right to sue "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1). "[A]s a matter of federal common law, when a patient assigns payment of insurance benefits to a healthcare provider, that provider gains standing to sue for that payment under ERISA § 502(a)" because "[a]n assignment of the right to payment logically entails the right to sue for non-payment." *N. Jersey Brain & Spine Ctr*, 801 F.3d at 372. "Healthcare providers that are neither participants nor beneficiaries in their own right may obtain derivative standing by assignment from a plan participant or beneficiary." *Id.*; *see also CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 176 n.10 (3d Cir. 2014) ("We adopt the majority position that health care providers may obtain standing to sue by assignment from a plan participant."). In order to determine the scope of claims that have been assigned, courts look to the language of the assignment. *Masri*, 2017 WL 4122434, at *4 (citation omitted).

---

[4] When a defendant brings a motion to dismiss based on lack of standing, the plaintiff "bears the burden of establishing the elements of standing, and each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *FOCUS v. Allegheny Cnty. Ct. Com. Pl.*, 75 F.3d 834, 838 (3d Cir. 1996) (quotation omitted). "For the purpose of determining standing, [the court] must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the complaining party." *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 296 (3d Cir. 2003).

5

Defendant argues that the purported assignment is null and void because of an anti-assignment provision included in the Plan Contract. The Third Circuit recently joined the "overwhelming consensus among the Courts of Appeals" and held that "anti-assignment clauses in ERISA-governed health insurance plans as a general matter are enforceable." *Am. Orthopedic & Sports Med. v. Indep. Blue Cross Blue Shield*, 890 F.3d 445, 453 (3d Cir. 2018). In *American Orthopedic*, the Third Circuit examined an anti-assignment provision in an insurance plan that stated, in part, "[t]he right of a Member to receive benefit payments under this Program is personal to the Member and is not assignable in whole or in part to any person, Hospital, or other entity." *Id.* at 448 (alteration in original). After examining the history of ERISA, and finding that anti-assignment clauses are generally enforceable, the court upheld the district court's dismissal based on lack of standing. *Id.* at 455 (ruling that "the District Court correctly held that Appellant lacked standing to proceed in federal court, and we will affirm the District Court's judgment of dismissal."). Numerous courts in this District have followed with opinions in accord with *American Orthopedic*. *See, e.g., New Jersey Spine & Orthopedics, LLC v. Novo Nordisk, Inc.*, No. 18-3699, 2018 WL 3377173, at *3 (D.N.J. July 11, 2018); *Univ. Spine Ctr. v. Highmark, Inc.*, No. 17-11403, 2018 WL 2947859, at *3 (D.N.J. June 12, 2018); *Univ. Spine Ctr. v. Anthem Blue Cross Blue Shield*, No. 18-01103, 2018 WL 2357756, at *3 (D.N.J. May 24, 2018).

Here, Defendant's Plan Contract included the following language:

> **Assignment.** Highmark may assign or subcontract any or all of its rights or obligations under this Agreement to a subsidiary, affiliate or successor of Highmark. *The coverage and benefits described in this Agreement are not assignable by any Member.*

Plan Contract at 29 (emphasis added). Plaintiff argues that the "terms of the anti-assignment provision . . . are far from clear and unambiguous," and therefore Patient's assignment is valid. Pl. Opp. at 11-12. The Court disagrees. After examining the anti-assignment clause language and

6

considering the Third Circuit's holding in *American Orthopedic*, as well as the decisions from other courts in this District, the Court finds that the anti-assignment clause is clear and unambiguous. The clause clearly states in plain English that any "coverage and benefits . . . are not assignable" by the Patient. As a result, the clause is enforceable and voids any purported assignment of Patient's rights or benefits.[5] *See, e.g., Univ. Spine Ctr.*, 2018 WL 2947859, at *3 ("Thus, in accordance with the decisions from this District, the Court finds that 'a clear and unambiguous anti-assignment clause is enforceable against Plaintiff and will void any purported assignment of Patient's rights or benefits.'" (quoting *Univ. Spine Ctr. v. Aetna, Inc.*, No. 17-13654, 2018 WL 1757027, at *3 (D.N.J. Apr. 12, 2018)).

Plaintiff makes a number of additional arguments in opposition, including that (1) the anti-assignment clause only affects Plaintiff's *right* to assign benefits but does not affect Plaintiff's *power* to assign based on *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435 (3d Cir. 1999), Pl. Opp. at 5-11, and that (2) the anti-assignment provision is inapplicable to Plaintiff because Plaintiff is a provider for services covered by Patient's plan pursuant to *Hermann Hosp. v. MEBA Med. & Benefits Plan*, 959 F.2d 569 (5th Cir. 1992), *id.* at 12-13. However, courts in this District have repeatedly and universally rejected these arguments in similar cases. *Univ. Spine Ctr.*, 2018 WL 1757027, at *3 ("The Court rejects both of Plaintiff's arguments because they are contrary to the recognized law in this district."); *see also New Jersey Spine & Orthopedics, LLC*, 2018 WL

---

[5] Plaintiff briefly argues that the anti-assignment clause is not legally operative because the language of the anti-assignment clause does not state that any assignment shall be "void" or "invalid." Pl. Opp. at 7. However, courts in this District have held that these precise words are not necessary for an anti-assignment clause to be recognized. *See, e.g., Univ. Spine Ctr. v. Anthem Blue Cross Blue Shield*, No. 18-1103, 2018 WL 2357756, at *3 (D.N.J. May 24, 2018) (stating that "the anti-assignment clause in *American Orthopedic* also did not contain the words 'void' or 'invalid,' and yet the Third Circuit still determined that the clause was enforceable and that [the] plaintiff, therefore, lacked standing to sue" (citing *Am. Orthopedic & Sports Med.*, 890 F.3d 445)).

3377173, at *3; *Univ. Spine Ctr.*, 2018 WL 2947859, at *3; *Univ. Spine Ctr. v. Aetna, Inc.*, No. 17-7823, 2018 WL 2332226, at *3 (D.N.J. May 23, 2018). The Court agrees with the conclusions in these other opinions.

In sum, the anti-assignment clause in the Plan Contract is clear and unambiguous, and therefore it is enforceable. Accordingly, Plaintiff does not possess standing to bring this action and Plaintiff's claims are dismissed.

## V. CONCLUSION

Defendant's motion to dismiss (D.E. 4) is **GRANTED**. To the extent that the deficiencies in Plaintiff's Complaint may be cured by way of amendment, Plaintiff has thirty (30) days to file an Amended Complaint, if Plaintiff so chooses. If Plaintiff fails to file an Amended Complaint, the dismissal will be with prejudice. An appropriate Order accompanies this opinion.

Dated: August 21, 2018

John Michael Vazquez, U.S.D.J.